**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LEE MADDEN                                                                          PLAINTIFF
ADC #136534

V.                                          NO: 5:09CV00175 JMM/HDY

ARKANSAS DEPARTMENT
OF CORRECTION                                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff, currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC") filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on June 17, 2009, naming as a Defendant only the ADC. On June 29, 2009, the Court entered an order noting that the ADC was not a "person" within the meaning of § 1983, and that Plaintiff's suit was in essence a suit against the State of Arkansas, and therefore precluded by the Eleventh Amendment to the United States Constitution (docket entry #3). The Court also observed that Plaintiff appeared to advance numerous claims arising over a lengthy time period at a number of different locations. Therefore, Plaintiff was ordered to file an amended complaint, which set forth the distinct claim he wished to pursue in this case. Plaintiff was also ordered to name individuals whom he claims are responsible for the alleged constitutional violations.

Plaintiff filed a response on July 16, 2009, in which he argues that the ADC is an appropriate Defendant, and fails to identify any individuals he claims are responsible for constitutional

violations.  Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon

which relief may be granted.  *See McDowell v. Dawson*, 221 Fed.Appx. 497 (8th Cir. 2007) (unpub.

per curiam) (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999), and holding

that a corrections department is not a person within the meaning of § 1983); *Nix v. Norman*, 879 F.2d

429, 431-32 (8th Cir. 1989) (state and state agencies are immune from suit under the Eleventh

Amendment).[1]  The fact that plaintiff's pro se pleadings will be construed liberally does not excuse

him from naming individuals as defendants and identifying the particular claim that he is bringing

against that defendant. He may not simply bring suit against "the ADC" and thereby sufficiently

allege a claim against anyone he has a complaint against in the ADC for every constitutional

violation he believes he has suffered since his incarceration.  He must name individuals as

defendants and connect them with particular claims.  He has refused to do so.

IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim

upon which relief may be granted.

2.     This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.     The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this   6   day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]Additionally, while Plaintiff appears to assert in his response that his First Amendment
rights have been violated, he provides only vague allegations, and offers no facts concerning any
specific incident of alleged constitutional violations.